THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **COURTNEY CARSEY** <br> 1643 Dundee Court <br> Columbus, Ohio 43227 | : <br> : <br> : <br> : | |
| Plaintiff, | : <br> : | CASE NO. 2:21-cv-3937 |
| v. | : <br> : | JUDGE |
| | : <br> : | MAGISTRATE JUDGE |
| **Y-NOT DELIVERY SERVICES LLC** <br> 1055 Greiner Dr. <br> Zanesville, OH 43701 | : <br> : <br> : <br> : | |
| and | : <br> : | |
| **ANTHONY COLLINS** <br> 1055 Greiner Dr. <br> Zanesville, OH 43701 | : <br> : <br> : <br> : <br> : | |
| | : | **Jury Demand Endorsed Herein** |
| Defendants. | : <br> : <br> : | |

## COMPLAINT

NOW COMES Plaintiff Courtney Carsey ("Plaintiff") and proffers this Complaint for damages against Defendants Y-Not Delivery Services LLC and Anthony Collins ("Defendants").

## THE PARTIES

1. Plaintiff is a natural person residing in Franklin County, Ohio.

2. Defendant Y-Not Delivery Services LLC is a Domestic Limited Liability Company doing business in the Southern District of Ohio.

3. Defendant Anthony Collins is the owner of Defendant Y-Not Delivery Services and is a natural person doing business in the Southern District of Ohio.

4. Plaintiff was an employee of Defendant as defined by Title VII of the Civil Rights Act of 1964, U.S.C. § 2000e, *et seq* and the Ohio Civil Rights Act, R.C. § 4112 at all relevant times herein.

5. Defendants are employers as defined by Title VII of the Civil Rights Act of 1964, U.S.C. § 2000e, *et seq*. and the Ohio Civil Rights Act, R.C. § 4112.

## JURISDICTION AND VENUE

6. This action is brought pursuant to Title VII of the Civil Rights Act of 1964 and Ohio Laws of Discrimination. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction.

7. Venue is proper pursuant to 28 U.S.C. §1391, because Plaintiff entered into an employment relationship with Defendants in the Southern District of Ohio, Plaintiff performed her job duties there, and Defendants are doing and have done substantial business in the Southern District of Ohio.

8. Plaintiff has complied with all jurisdictional prerequisites to the filing of this lawsuit and this Complaint is filed within ninety (90) days of Plaintiff's receipt of his Right to Sue letter from the Equal Employment Opportunity Commission, a copy of which is attached hereto as "Exhibit A."

**FACTUAL BACKGROUND**

9. Courtney Carsey ("Plaintiff") was hired by Y-Not Delivery Services, Inc. and Anthony Collins, owner of Y-Not Delivery Services ("Defendants") on or about December 22, 2020 as an Operations Manager.

10. Defendant Y-Not Delivery Services is a delivery service provider (DSP) for Amazon, the e-commerce company.

11. Plaintiff was supervised by Y-Not owner, Defendant Anthony Collins, and her job duties involved working closely with him. The two often worked together alone.

12. Prior to her constructive discharge in March of 2021, Plaintiff was sexually harassed by Defendant Collins on a daily basis.

13. On the first day of Plaintiff's employment, Defendant Collins looked at her employee badge photo and said, "Oh damn! I'm gonna make that my screensaver." Plaintiff was taken aback by such an inappropriate comment, especially on her first day of work.

14. Plaintiff ignored Defendant Collins's comment because she didn't want to begin employment on a negative note by confronting her direct supervisor about his inappropriate comment.

15. In or around January 2021, Defendant Collins became possessive and controlling over Plaintiff. He ogled her and requested her to wear specific clothing, although there was no official dress code.

16. Defendant Collins even tried to control the way Plaintiff answered calls on her personal cell phone by stating she should always be cheerful and answer all calls, even personal calls, in a cheerful voice.

17. On or about February 9, 2021, Defendant Collins made a sexual comment about a female warehouse worker.

18. The worker had just been speaking with Plaintiff and Defendant Collins, and as she walked away Defendant Collins said, "I wonder what she smells like." Plaintiff asked, "You mean her perfume?"

19. Defendant Collins then replied, "No, I don't mean smell her like that." Plaintiff was appalled by the sexual implications of Defendant Collins' comment, and she told him it was extremely inappropriate.

20. On February 11, 2021, Defendant Collins became inebriated and called Plaintiff outside of working hours and asked when the two were going to "snuggle."

21. Plaintiff replied, "Never." She also stated that his behavior was inappropriate because he was her direct supervisor.

22. Plaintiff confronted Defendant Collins about the interaction the following day, and he claimed that he did not remember calling her. Defendant Collins apologized for making Plaintiff uncomfortable, and then immediately referred to a female driver as his "love muffin."

23. On February 22, while Plaintiff was leaning over her desk space, Defendant Collins said, "something is falling out." Plaintiff nervously put her hand over her breasts in reaction. Defendant Collins then said, "Trust me if it was that, I wouldn't tell you."

24. Around that same date, Defendant Collins began calling Plaintiff a "bitch," and would make comments such as "Bye, bitch," or "Okay, bitch."

25. Plaintiff asked him to stop, and he refused. Shortly thereafter, Plaintiff sought therapy for the anxiety and stress she experienced as a result of Defendant Collins' harassment of her.

26. On or about March 2, 2021, Plaintiff called in sick because she was physically ill from the stress of Defendant Collins's harassment.

27. Plaintiff's husband, David Carsey, was also employed by Defendants as a truck driver, so he notified Defendant Collins on Plaintiff's behalf. Mr. Carsey stated that he was running a few minutes behind because he had been taking care of Plaintiff, who was sick.

28. Instead of responding to Mr. Carsey, Defendant Collins messaged Plaintiff and said, "Feel better baby girl."

29. As a result, Plaintiff immediately filed a complaint with Amazon because she did not know what to do about Collins' harassment and he did not stop after she repeatedly told him he was inappropriate.

30. Defendant Collins was her direct supervisor and the owner of Y-Not Delivery Services. Yet, he refused to stop harassing Plaintiff and provide her with a safe, non-hostile work environment.

31. Plaintiff returned to work the following day, March 3, where she confronted Defendant Collins about his behavior.

32. Plaintiff stated that she believed the working relationship was not reparable, so Defendant Collins begged Plaintiff to stay on the clock and to go home and think about how to forgive him for all the horrible things he had done to her during her employment with Defendants.

33. Plaintiff refused to stay on the clock during this time. She clocked out and left the premises while Defendant Collins sent several text messages to her personal cell phone.

34. The next day on March 4, Plaintiff was constructively discharged because she could no longer tolerate Defendant Collins's sexual harassment of her.

35. Mr. Carsey also lost his job as a result of this hostile work environment and constructive discharge.

### COUNT I - TITLE VII
### Against Defendant Y-Not Delivery Services LLC Only
### Sexual Harassment: Hostile Work Environment and Termination

36. Plaintiff reasserts and reincorporates each and every allegation in the preceding paragraphs as if fully rewritten herein.

37. Defendant Y-Not Delivery Services LLC engaged in conduct that violates Title VII prohibiting sex discrimination by sexually harassing Plaintiff, and by creating and encouraging a hostile work environment for Plaintiff.

38. The harassment of Plaintiff by Mr. Collins was unwelcome, which was indicated by Plaintiff.

39. The harassment was based on Plaintiff's sex.

40. The harassing conduct was sufficiently severe or pervasive to affect the terms, conditions, and privileges of employment.

41. Defendant Y-Not knew or should have known of the harassment yet did not take immediate and corrective action.

42. As a result of the hostile work environment described herein, Plaintiff was constructively discharged from her employment.

43. Defendant Y-Not's actions made Plaintiff's working conditions so intolerable that a reasonable person under the circumstances would have felt compelled to resign.

44. As a direct and proximate result of Defendant Y-Not's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including, but not limited to, serious emotional distress, loss of salary, benefits, and other terms, privileges and conditions of employment for which Defendant Y-Not is liable.

45. Defendant Y-Not's conduct was willful, wanton, reckless, and/or malicious for which Defendant Y-Not is liable for compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## COUNT II - TITLE VII
### Against Defendant Y-Not Delivery Services LLC Only
### Retaliation

46. Plaintiff reasserts and reincorporates each and every allegation contained in the preceding paragraphs as if fully rewritten herein.

47. Plaintiff engaged in a protected activity by, *inter alia*, opposing the sexual harassment and hostile work environment.

48. Defendant Y-Not Delivery Services LLC was aware that Plaintiff engaged in

49. Once Plaintiff engaged in a protected activity, Defendant Y-Not intentionally retaliated against her by constructively terminating her employment, by refusing to remedy the situation, refusing to provide a reasonable and non-hostile work environment, and otherwise discriminating against her in the terms, privileges, and conditions of her employment.

50. As a direct and proximate result of Defendant Y-Not's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including, but not limited to, pain and suffering and the loss of salary, benefits, and other terms, privileges and conditions of employment for which Defendant Y-Not is liable.

51. Defendant Y-Not's conduct was willful, wanton, reckless, and/or malicious for which Defendant Y-Not is liable for compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

### COUNT III - Ohio Civil Rights Act
### Against All Defendants
### Sexual Harassment: Hostile Work Environment and Termination

52. Plaintiff reasserts and reincorporates each and every allegation in the preceding paragraphs as if fully rewritten herein.

53. Defendants engaged in conduct that violates R.C. § 4112 prohibiting sex discrimination by sexually harassing Plaintiff and by creating and encouraging a hostile work environment for Plaintiff.

54. The harassment of Plaintiff by Mr. Collins was unwelcome, which was indicated by Plaintiff.

55. The harassment was based on Plaintiff's sex.

56. The harassing conduct was sufficiently severe or pervasive to affect the terms, conditions, and privileges of employment.

57. Defendants knew or should have known of the harassment, yet did not take immediate and corrective action.

58. As a result of the hostile work environment described herein, Plaintiff was constructively discharged from her employment.

59. Defendants' actions made Plaintiff's working conditions so intolerable that a reasonable person under the circumstances would have felt compelled to resign.

60. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including, but not limited to, serious emotional distress, loss of salary, benefits, and other terms, privileges and conditions of employment for which Defendants are liable.

61. Defendants' conduct was willful, wanton, reckless, and/or malicious for which Defendants are liable for compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## COUNT IV - Ohio Civil Rights Act
### Against All Defendants
### Sexual Harassment: Hostile Work Environment

62. Plaintiff reasserts and reincorporates each and every allegation contained in the preceding paragraphs as if fully rewritten herein.

63. Plaintiff engaged in a protected activity by, *inter alia*, opposing the sexual harassment and hostile work environment.

64. Defendants were aware that Plaintiff engaged in a protected activity.

65. Once Plaintiff engaged in a protected activity Defendants intentionally retaliated against her by constructively terminating her employment, by refusing to remedy the situation, refusing to provide a reasonable and non-hostile work environment, and otherwise discriminating against her in the terms, privileges, and conditions of her employment.

66. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including, but

not limited to, pain and suffering and the loss of salary, benefits, and other terms, privileges and conditions of employment for which Defendants are liable.

67. Defendants' conduct was willful, wanton, reckless, and/or malicious for which Defendants are liable for compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff demands:

For all Counts, monetary damages including back pay and benefits, statutory liquidated damages, expert witness fees and attorneys' fees and costs, and front pay, compensatory damages and punitive damages in an amount to be determined at trial, but in any event not less than $75,000.00 and any and all other relief, which the Court deems just and appropriate.

Respectfully submitted,

/s/ *Rachel Sabo Friedmann*
Rachel Sabo Friedmann (0089226)
*Rachel@thefriedmannfirm.com*
Jamie R. Bailey (0099789)
*Jamie@thefriedmannfirm.com*
**The Friedmann Firm LLC**
**(614) 610-9757**
1457 South High Street
Columbus, Ohio 43207

*Attorneys for Plaintiff*

## **JURY DEMAND**

Plaintiff hereby requests a jury of at least eight (8) persons.

/s/ *Rachel Sabo Friedmann*
Rachel Sabo Friedmann (0089226)
